**United States District Court**
For the Northern District of California

1

2

3

4

5                UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8   TORRY SMITH, *et al.*,                 No. C-05-4045 EMC

9         Plaintiffs,

                              **PROPOSED JURY INSTRUCTIONS --**
10      v.                            **PART 2**

11   CITY OF OAKLAND, *et al.*,        (Given to counsel 11/27/2007)

12         Defendants.

13 _____/

14

15               **PROPOSED CIVIL JURY INSTRUCTIONS**

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.1C -- DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.12 --**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.13 --**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. _____ -- FAILURE TO DENY**

**OR EXPLAIN ADVERSE EVIDENCE**

You may consider whether a party failed to explain or deny some unfavorable evidence.

Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

1

2

**MODIFIED** NINE CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 9.1 --

**SECTION 1983 CLAIM -- INTRODUCTORY INSTRUCTION**

The Plaintiffs bring some of their claims under the federal statute, 42 U.S.C. § 1983, which

provides that any person or persons who, under color of law, deprives another of any rights,

privileges, or immunities secured by the Constitution or laws of the United States shall be liable to

the injured party.

**MODIFIED NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 9.2 --**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY --**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on the § 1983 claims against Defendants John Parkinson and Marcus Midyett, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.   the Defendants acted under color of law; and

2.   the acts of one or more of the Defendants deprived one or both of the Plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. There is no dispute in this case that the Defendants acted under color of law at the time of the incidents involving the Plaintiffs.

As to each Plaintiff, if you find that the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements he or she is required to prove under the instructions I give you, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendants.

1

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 9.8 -- CAUSATION**

2      In order to establish that the acts of the Defendant officers Parkinson or Midyett deprived the

3  Plaintiffs of their particular rights under the United States Constitution as explained in later

4  instructions, the Plaintiff must prove by a preponderance of the evidence that the acts were so

5  closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the

6  ultimate injury.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1
2
3

**MODIFIED NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 9.11 --**

**PARTICULAR RIGHTS -- FOURTH AMENDMENT --**

**UNREASONABLE SEARCH -- GENERALLY**

4      As previously explained, the Plaintiffs have the burden to prove that the acts of Defendant

5  officers Parkinson and Midyett deprived the Plaintiffs of particular rights under the United States

6  Constitution.  In this case, each Plaintiff alleges the Defendants deprived them of their rights under

7  the Fourth Amendment to the Constitution when the officers entered their residence.

8      Under the Fourth Amendment, a person has the right to be free from an unreasonable search

9  of his residence.  In this case, a condition of Plaintiff Torry Smith's parole was that police officers

10  could enter and search his residence (subject to the next Instruction), without a warrant and without

11  suspicion of a crime, as long as the entry and/or search was not arbitrary or capricious, or done to

12  harass Torry Smith.

13      In order to prove the Defendants deprived the Plaintiffs of this Fourth Amendment right, the

14  Plaintiffs must prove the following additional elements by a preponderance of the evidence:

15          1.      Defendant officers Parkinson or Midyett entered the Plaintiffs' residence;

16          2.      in conducting the entry, Defendant officer Parkinson or Midyett acted intentionally;

17              and

18          3.      the entry was arbitrary or capricious, or done to harass Plaintiffs.

19      A person acts "intentionally" when the person acts with a conscious objective to engage in

20  particular conduct.  Thus, the Plaintiffs must prove the Defendants meant to enter the Plaintiffs'

21  residence.  Although the Plaintiffs do not need to prove the Defendants intended to violate the

22  Plaintiffs' Fourth Amendment rights, it is not enough if the Plaintiffs only prove the Defendant acted

23  negligently, accidentally or inadvertently in conducting the entry and/or search.

24
25
26
27
28

-9-

**JURY INSTRUCTION NO. _____ -- PARTICULAR RIGHTS -- FOURTH AMENDMENT --**

**UNREASONABLE SEARCH -- PAROLE SEARCH -- SHARED RESIDENCE**

As noted above, a condition of Plaintiff Torry Smith's parole was that police officers could enter and search his residence, without a warrant and without suspicion of a crime, as long as the entry and/or search was not arbitrary or capricious, or done to harass Torry Smith.  If a parolee is sharing living quarters with someone else, the parole entry and/or search may extend to all parts of the premises to which the parolee has apparent joint control.  The consent of other interested parties is unnecessary as to such areas of the residence.

United States District Court

For the Northern District of California

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 9.20 --**

**PARTICULAR RIGHTS -- FOURTH AMENDMENT --**

**UNREASONABLE SEIZURE OF PERSON -- PROBABLE CAUSE ARREST**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the Plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, Plaintiff Torry Smith must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the Plaintiff has committed or was committing a crime.

Under state law, it is a crime to be on parole in possession of an assault weapon.

**United States District Court**
For the Northern District of California

**MODIFIED BAJI 7.60 -- FALSE IMPRISONMENT/ARREST -- ESSENTIAL ELEMENTS**

The Plaintiffs also seek to recover damages based upon a claim of false imprisonment and false arrest under California state law.

The essential elements of a claim for false imprisonment are:

1.  The Defendant intentionally and unlawfully exercised force or the express or implied threat of force, menace, fraud or deceit, or unreasonable duress to restrain, detain or confine the Plaintiffs;

2.  The restraint, detention or confinement compelled the Plaintiffs to stay or go somewhere for some appreciable time, however short;

3.  The Plaintiff did not consent to the restraint, detention or confinement; and

The essential elements of a claim for false arrest are:

1.  The Plaintiff was unlawfully arrested and taken into custody; or the Plaintiff was lawfully arrested but an unreasonable delay occurred before Plaintiff was released from custody;

2.  The restraint, detention, confinement, or arrest caused Plaintiff to suffer injury, damage, loss or harm.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BAJI 7.63 -- ARREST BY PEACE OFFICER WITHOUT WARRANT**

A peace officer may, without a warrant, lawfully arrest a person:

1.    Whenever the officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence.

2.    When a person arrested has committed a felony, although not in the officer's presence.

3.    Whenever the officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed.

United States District Court

For the Northern District of California

1

## MODIFIED BAJI 7.90 -- CALIFORNIA CIVIL RIGHTS VIOLATION

2

The Plaintiffs also seek to recover damages for a violation of civil rights pursuant to

3

California Civil Code § 52.1.

4

The essential elements of this claim are:

5    1.    The Defendant interfered or attempted to interfere by threats, intimidation, or

6          coercion with the exercise or enjoyment by Plaintiff of rights secured by the

7          Constitution, laws of the United States, or laws of California;

8    2.    The interference, or attempted interference caused Plaintiffs to suffer injury, damage,

9          loss or harm.

10

Speech alone is not sufficient, unless the speech itself threatens violence against Plaintiff,

11

and Plaintiff reasonably fears that, because of the speech, violence will be committed against

12

Plaintiff's person or property and that the Defendant had the apparent ability to carry out the threat.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CACI 1600 -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS -- ESSENTIAL FACTUAL ELEMENTS**

Plaintiffs claim that Defendant officers Parkinson and Midyett's conduct caused him or her to suffer severe emotional distress.  To establish this claim against either or both Defendant, the Plaintiff must prove all of the following:

1.   That Defendant's conduct was outrageous;

2.   That Defendant intended to cause Plaintiff emotional distress; or that Defendant acted with reckless disregard of the probability that the Plaintiff would suffer emotional distress, knowing that the Plaintiff was present when the conduct occurred;

3.   That the Plaintiff suffered severe emotional distress; and

4.   That the Defendant's conduct was a substantial factor in causing the Plaintiff's severe emotional distress.

**United States District Court**
For the Northern District of California

1

**BAJI 12.72 -- EMOTIONAL DISTRESS -- DEFINED**

2      The term "emotional distress" means mental distress, mental suffering or mental anguish.  It

3  includes all highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry,

4  mortification, shock, humiliation and indignity, as well as physical pain.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BAJI 12.73 -- SEVERE -- DEFINED**

The word "severe," in the phrase "severe emotional distress," means substantial or enduring as distinguished from trivial or transitory.  Severe emotional distress is emotional distress of such substantial quantity or enduring quality that no reasonable person in a civilized society should be expected to endure it.

In determining the severity of emotional distress you should consider its intensity and duration.

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BAJI 12.74 -- EXTREME AND OUTRAGEOUS CONDUCT -- DEFINED**

Extreme and outrageous conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

Extreme and outrageous conduct is not mere insults, indignities, threats, annoyances, petty oppressions or other trivialities.  All persons must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind.

Extreme and outrageous conduct, however, is conduct which would cause an average member of the community to immediately react in outrage.

1

**BAJI 12.75 -- EFFECT OF RELATIONSHIP OF PARTIES**

2        The extreme and outrageous character of the conduct of a Defendant may arise from an abuse

3  of a position, or relationship to a Plaintiff, which gives a Defendant actual or apparent authority over

4  a Plaintiff, or power to affect a Plaintiff's interests.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

1

## BAJI 12.77 -- INTENTIONAL AND RECKLESS -- DEFINED

2       A Defendant intended to inflict emotional distress if it is established that he desired to cause

3   emotional distress or knew that emotional distress was substantially certain to result from his

4   conduct.

5       A Defendant's conduct is in reckless disregard of the probability of causing emotional

6   distress if he has knowledge of a high degree of probability that emotional distress will result and

7   acts with deliberate disregard of that probability or with a conscious disregard of the probable

8   results.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MODIFIED</u> BAJI 12.78 -- PRIVILEGE

Conduct, which under other conditions would be extreme and outrageous, may be privileged. If you find that Defendant in good faith believed that he was acting under a legal right, he shall be considered as having been acting under such right even though, in fact, he had no such right.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>MODIFIED</u> NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS NOS. 5.1 AND 5.2 --

DAMAGES -- PROOF AND MEASURES OF TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff Torry Smith on one of more of his claims, you must determine his damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.  You should consider the following:

    (1)    The nature and extent of the injuries;

    (2)    The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

    (3)    The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

    (4)    The reasonable value of earning and business opportunities lost to the present time.

If you find for the Plaintiff Patricia Gray on one of more of her claims, you must determine her damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.  You should consider the following:

    (1)    The nature and extent of the injuries;

    (2)    The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1    **NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 5.6 -- NOMINAL DAMAGES**

2          The law which applies to this case authorizes an award of nominal damages.  If you find for

3    the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these

4    instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   **BAJI 12.88 -- DAMAGES -- EMOTIONAL DISTRESS**

2       If you find that Plaintiff is entitled to a verdict against Defendant, you should then award

3   Plaintiff damages in an amount that will reasonably compensate Plaintiff for all loss or harm,

4   provided that you find it was or will be suffered by Plaintiff and was caused by the Defendant's

5   conduct.  The amount of your award should include:

6       Reasonable compensation for any fears, anxiety and other emotional distress suffered by the

7   Plaintiff and for similar suffering reasonably certain to be experienced in the future from the same

8   cause.  This is a non-economic damage.

9       No definite standard or method of calculation is prescribed by law by which to fix reasonable

10  compensation for emotional distress.  Nor is the opinion of any witness required as to the amount of

11  such reasonable compensation.  Furthermore, the argument of counsel as to the amount of damages

12  is not evidence of reasonable compensation.  In making an award for emotional distress, you shall

13  exercise your authority with calm and reasonable judgment, and the damages you fix shall be just

14  and reasonable in the light of the evidence.

15      Reasonable compensation for any financial loss suffered by the Plaintiff which was caused

16  by emotional distress.  This is an economic damage.

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1    **NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 5.4 -- DAMAGES ARISING**

2    **IN THE FUTURE -- DISCOUNT TO PRESENT CASH VALUE**

3    Any award for future economic damages must be for the present cash value of those

4    damages.

5    Present cash value means the sum of money needed now, which, when invested at a

6    reasonable rate of return, will pay future damages at the times and in the amounts that you find the

7    damages will be incurred.

8    The rate of return to be applied in determining present cash value should be the interest that

9    can reasonably be expected from safe investments that can be made by a person of ordinary

10   prudence, who has ordinary financial experience and skill.  You should also consider decreases in

11   the value of money which may be caused by future inflation.

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>MODIFIED</u> NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 5.5 --
## PUNITIVE DAMAGES

If you find for the Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a Plaintiff, but to punish a Defendant and to deter a Defendant and others from committing similar acts in the future.

The Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the Defendant's conduct was malicious, oppressive or in reckless disregard of the Plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law.

You may impose punitive damages against one or more of the Defendants and not others, and may award different amounts against different Defendants.

Punitive damages may be awarded even if you award Plaintiff only nominal, and not compensatory, damages.

### BAJI 7.94 -- PUNITIVE DAMAGES (CIVIL CODE § 52(a) AND (b))

In addition to any actual damages imposed upon Defendants for a violation of Civil Code § 52.1, you are permitted to award Plaintiffs:

1.      Punitive damages, provided that you find by clear and convincing evidence that the Defendant committed malice, oppression, or fraud in the conduct on which you base your finding of liability.

"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Malice" means conduct which is intended by the Defendant to cause injury to the Plaintiff or despicable conduct which is carried on by the Defendant with a willful and conscious disregard for the rights or safety of others.  A person acts with conscious disregard of the rights or safety or others when he is aware of the probable consequences of his conduct and willfully and deliberately fails to avoid those consequences.

"Despicable conduct" is conduct which is so vile, base, contemptible, or loathsome that it would be looked down upon and despised by ordinary decent people.

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendant with the intention on the part of the Defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Punitive damages are damages that a jury may impose to punish or for sake of example. Whether punitive damages ought to be imposed is a matter left to your sound discretion.

2.      A civil penalty in the amount of $25,000.00 to be awarded to the Plaintiff if you find that the conduct upon which you base your finding of liability was willful. As used in this instruction, the word "willful" means a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under all the circumstances then present or was not undertaken in good faith.  The word, willful, does not require any intent to violate the law.

The award of civil penalty, if any, must be set forth separately in your verdict.

**United States District Court**
For the Northern District of California

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 3.1 --**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 3.2 --**

2

**COMMUNICATION WITH COURT**

3

   If it becomes necessary during your deliberations to communicate with me, you may send a

4

note through the clerk, signed by your presiding juror or by one or more members of the jury.  No

5

member of the jury should ever attempt to communicate with me except by a signed writing; I will

6

communicate with any member of the jury on anything concerning the case only in writing, or here

7

in open court.  If you send out a question, I will consult with the parties before answering it, which

8

may take some time.  You may continue your deliberations while waiting for the answer to any

9

question.  Remember that you are not to tell anyone -- including me -- how the jury stands,

10

numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

11

Do not disclose any vote count in any note to the court.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 3.3 --**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.