**United States District Court**

For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   TORRY SMITH, *et al.*,                    No. C-05-4045 EMC

9          Plaintiffs,

10        v.                                 **AMENDED FINAL JURY INSTRUCTIONS**

11  CITY OF OAKLAND, *et al.*,                (November 29, 2007)

12        Defendants.

13  _____/

14

15                    **CIVIL JURY INSTRUCTIONS**

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 2**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 3**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 4**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 5**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

**JURY INSTRUCTION NO. 6**

2      **REMOVED**

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 7**

**REMOVED**

**JURY INSTRUCTION NO. 8**

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 9**

The parties have agreed to certain facts listed below.  You should therefore treat these facts as having been proved.

1.      Plaintiffs Torry Smith and Patricia Gray were residing at 9320 Holly Street in Oakland at the time of the subject-incident.

2.      Tommie Smith resided in an adjoining duplex at 9318 Holly Street in Oakland at the time of the subject-incident.

3.      Plaintiff Torry Smith was on parole at the time of the subject-incident.

4.      A condition of Plaintiff Torry Smith's parole was that police officers could search him at any time or enter and search his residence at any time without a warrant, but the searches could not be arbitrary or capricious, or done to harass Plaintiff Torry Smith.

5.      Plaintiff Torry Smith had a meeting with Agent Johnson scheduled for the afternoon of September 10, 2004.

6.      Defendant Officers Parkinson and Midyett were employed by the City of Oakland as police officers at the time of the subject-incident.

7.      Defendant Officers Parkinson and Midyett went to Plaintiffs' residence at 9320 Holly Street on September 10, 2004, at around noon.

8.      Defendant Officers Parkinson and Midyett entered Plaintiffs' residence.

9.      Defendant Officers Parkinson and Midyett arrested Plaintiff Torry Smith on charges of violating Penal Code section 12021(a), ex-felon in possession of a firearm, and Penal Code section 12880(b), ex-felon in possession of an assault weapon.

10.     Plaintiff Gray was not arrested.

11.     Plaintiff Torry Smith was incarcerated from the date of his arrest, September 10, 2004, until January 20, 2005.

**JURY INSTRUCTION NO. 10**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 11**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 12**

The Plaintiffs bring some of their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**JURY INSTRUCTION NO. 13**

In order to prevail on the § 1983 claims against Defendants John Parkinson and Marcus Midyett, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

    1.    the Defendants acted under color of law; and

    2.    the acts of one or more of the Defendants deprived one or both of the Plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. There is no dispute in this case that the Defendants acted under color of law at the time of the incidents involving the Plaintiffs.

As to each Plaintiff, if you find that the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements he or she is required to prove under the instructions I give you, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendants.

**JURY INSTRUCTION NO. 14**

In order to establish that the acts of the Defendant officers Parkinson or Midyett deprived the Plaintiffs of their particular rights under the United States Constitution as explained in later instructions, the Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 15**

As previously explained, the Plaintiffs have the burden to prove that the acts of Defendant officers Parkinson and Midyett deprived the Plaintiffs of particular rights under the United States Constitution.  In this case, each Plaintiff alleges the Defendants deprived them of their rights under the Fourth Amendment to the Constitution when the officers entered their residence.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his residence.  In this case, a condition of Plaintiff Torry Smith's parole was that police officers could enter and search his residence (subject to the next Instruction), without a warrant and without suspicion of a crime, as long as the entry and/or search was not arbitrary or capricious, or done to harass Torry Smith.

In order to prove the Defendants deprived the Plaintiffs of this Fourth Amendment right, the Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1.    Defendant officers Parkinson or Midyett entered the Plaintiffs' residence;

2.    in conducting the entry, Defendant officer Parkinson or Midyett acted intentionally; and

3.    the entry was arbitrary or capricious, or done to harass Plaintiffs.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the Plaintiffs must prove the Defendants meant to enter the Plaintiffs' residence.  Although the Plaintiffs do not need to prove the Defendants intended to violate the Plaintiffs' Fourth Amendment rights, it is not enough if the Plaintiffs only prove the Defendant acted negligently, accidentally or inadvertently in conducting the entry and/or search.

**JURY INSTRUCTION NO. 16**

A search is "arbitrary" where the officer's motivation is unrelated to rehabilitative and reformative purposes or legitimate law enforcement purposes, for example, if the officer was motivated by personal animosity.  A search might be "harassing" if at the whim and caprice of any and all law enforcement officers.

**JURY INSTRUCTION NO. 17**

As noted above, a condition of Plaintiff Torry Smith's parole was that police officers could enter and search his residence, without a warrant and without suspicion of a crime, as long as the entry and/or search was not arbitrary or capricious, or done to harass Torry Smith.  If a parolee is sharing living quarters with someone else, the parole entry and/or search may extend to all parts of the premises to which the parolee has apparent joint control.  The consent of other interested parties is unnecessary as to such areas of the residence.

**JURY INSTRUCTION NO. 18**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the Plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, Plaintiff Torry Smith must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the Plaintiff has committed or was committing a crime.

Under state law, it is a crime to be on parole in possession of an assault weapon.

**JURY INSTRUCTION NO. 19**

The Plaintiffs also seek to recover damages based upon a claim of false imprisonment and false arrest under California state law.

The essential elements of a claim for false imprisonment are:

1.  The Defendant intentionally and unlawfully exercised force or the express or implied threat of force, menace, fraud or deceit, or unreasonable duress to restrain, detain or confine the Plaintiffs;

2.  The restraint, detention or confinement compelled the Plaintiffs to stay or go somewhere for some appreciable time, however short;

3.  The Plaintiff did not consent to the restraint, detention or confinement; and

The essential elements of a claim for false arrest are:

1.  The Plaintiff was unlawfully arrested and taken into custody; or the Plaintiff was lawfully arrested but an unreasonable delay occurred before Plaintiff was released from custody;

2.  The restraint, detention, confinement, or arrest caused Plaintiff to suffer injury, damage, loss or harm.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 19A**

Restrain, confine or detain means to deprive one of his/her freedom of movement by use of physical barriers, force, threats of force, menace, fraud, deceit or unreasonable duress.

**JURY INSTRUCTION NO. 20**

A peace officer may, without a warrant, lawfully arrest a person:

1.      Whenever the officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence.

2.      When a person arrested has committed a felony, although not in the officer's presence.

3.      Whenever the officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 21**

The Plaintiffs also seek to recover damages for a violation of civil rights pursuant to California Civil Code § 52.1.

The essential elements of this claim are:

1.     The Defendant interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment by Plaintiff of rights secured by the Constitution, laws of the United States, or laws of California;

2.     The interference, or attempted interference caused Plaintiffs to suffer injury, damage, loss or harm.

Speech alone is not sufficient, unless the speech itself threatens violence against Plaintiff, and Plaintiff reasonably fears that, because of the speech, violence will be committed against Plaintiff's person or property and that the Defendant had the apparent ability to carry out the threat.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 22**

Plaintiffs claim that Defendant officers Parkinson and Midyett's conduct caused him or her to suffer severe emotional distress.  To establish this claim against either or both Defendant, the Plaintiff must prove all of the following:

    1.    That Defendant's conduct was outrageous;

    2.    That Defendant intended to cause Plaintiff emotional distress; or that Defendant acted with reckless disregard of the probability that the Plaintiff would suffer emotional distress, knowing that the Plaintiff was present when the conduct occurred;

    3.    That the Plaintiff suffered severe emotional distress; and

    4.    That the Defendant's conduct was a substantial factor in causing the Plaintiff's severe emotional distress.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 23**

The term "emotional distress" means mental distress, mental suffering or mental anguish.  It includes all highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, as well as physical pain.

**JURY INSTRUCTION NO. 24**

The word "severe," in the phrase "severe emotional distress," means substantial or enduring as distinguished from trivial or transitory.  Severe emotional distress is emotional distress of such substantial quantity or enduring quality that no reasonable person in a civilized society should be expected to endure it.

In determining the severity of emotional distress you should consider its intensity and duration.

**JURY INSTRUCTION NO. 25**

Extreme and outrageous conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

Extreme and outrageous conduct is not mere insults, indignities, threats, annoyances, petty oppressions or other trivialities.  All persons must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind.

Extreme and outrageous conduct, however, is conduct which would cause an average member of the community to immediately react in outrage.

**JURY INSTRUCTION NO. 26**

The extreme and outrageous character of the conduct of a Defendant may arise from an abuse of a position, or relationship to a Plaintiff, which gives a Defendant actual or apparent authority over a Plaintiff, or power to affect a Plaintiff's interests.

**JURY INSTRUCTION NO. 27**

A Defendant intended to inflict emotional distress if it is established that he desired to cause emotional distress or knew that emotional distress was substantially certain to result from his conduct.

A Defendant's conduct is in reckless disregard of the probability of causing emotional distress if he has knowledge of a high degree of probability that emotional distress will result and acts with deliberate disregard of that probability or with a conscious disregard of the probable results.

**JURY INSTRUCTION NO. 28**

Conduct, which under other conditions would be extreme and outrageous, may be privileged. If you find that Defendant in good faith believed that he was acting under a legal right, he shall be considered as having been acting under such right even though, in fact, he had no such right.

**JURY INSTRUCTION NO. 29**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff Torry Smith on one of more of his claims, you must determine his damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.  You should consider the following:

    (1)    The nature and extent of the injuries;

    (2)    The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

    (3)    The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

    (4)    The reasonable value of earning and business opportunities (but excluding any attorney's fees incurred) lost to 1/20/2005.

If you find for the Plaintiff Patricia Gray on one of more of her claims, you must determine her damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.  You should consider the following:

    (1)    The nature and extent of the injuries;

    (2)    The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 30**

  The law which applies to this case authorizes an award of nominal damages.  If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 31**

If you find that Plaintiff is entitled to a verdict against Defendant, you should then award Plaintiff damages in an amount that will reasonably compensate Plaintiff for all loss or harm, provided that you find it was or will be suffered by Plaintiff and was caused by the Defendant's conduct.  The amount of your award should include:

Reasonable compensation for any fears, anxiety and other emotional distress suffered by the Plaintiff and for similar suffering reasonably certain to be experienced in the future from the same cause.  This is a non-economic damage.

No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for emotional distress.  Nor is the opinion of any witness required as to the amount of such reasonable compensation.  Furthermore, the argument of counsel as to the amount of damages is not evidence of reasonable compensation.  In making an award for emotional distress, you shall exercise your authority with calm and reasonable judgment, and the damages you fix shall be just and reasonable in the light of the evidence.

Reasonable compensation for any financial loss suffered by the Plaintiff which was caused by emotional distress.  This is an economic damage.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 32**

**REMOVED**

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 33**

If you find for the Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a Plaintiff, but to punish a Defendant and to deter a Defendant and others from committing similar acts in the future.

The Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the Defendant's conduct was malicious, oppressive or in reckless disregard of the Plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law.

You may impose punitive damages against one or more of the Defendants and not others.

Punitive damages may be awarded even if you award Plaintiff only nominal, and not compensatory, damages.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 34**

In addition to any actual damages imposed upon Defendants for a violation of Civil Code § 52.1, you are permitted to award Plaintiffs:

1.      Punitive damages, provided that you find by clear and convincing evidence that the Defendant committed malice, oppression, or fraud in the conduct on which you base your finding of liability.

"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Malice" means conduct which is intended by the Defendant to cause injury to the Plaintiff or despicable conduct which is carried on by the Defendant with a willful and conscious disregard for the rights or safety of others.  A person acts with conscious disregard of the rights or safety of others when he is aware of the probable consequences of his conduct and willfully and deliberately fails to avoid those consequences.

"Despicable conduct" is conduct which is so vile, base, contemptible, or loathsome that it would be looked down upon and despised by ordinary decent people.

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendant with the intention on the part of the Defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Punitive damages are damages that a jury may impose to punish or for sake of example. Whether punitive damages ought to be imposed is a matter left to your sound discretion.

2.      A civil penalty in the amount of $25,000.00 to be awarded to the Plaintiff if you find that the conduct upon which you base your finding of liability was willful. As used in this instruction, the word "willful" means a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under all the circumstances then present or was not undertaken in good faith.  The word, willful, does not require any intent to violate the law.

The award of civil penalty, if any, must be set forth separately in your verdict.

**JURY INSTRUCTION NO. 35**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 36**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 37**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. 38 -- PUNITIVE DAMAGES**

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**United States District Court**
For the Northern District of California