

**FILED**

MAY 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TORRY SMITH and PATRICIA GRAY, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CITY OF OAKLAND, a municipal corporation; et al., <br><br> Defendants - Appellants. | No. 08-15896 <br><br> D.C. No. 3:05-CV-04045-EMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Argued and Submitted May 11, 2010
San Francisco, California

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT, Senior District Judge.[**]

Oakland Police Officers John Parkinson and Marcus Midyett appeal the

judgment in favor of Torry Smith and Patricia Gray under 42 U.S.C. § 1983 and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Patricia C. Fawsett, Senior United States District Judge for the Middle District of Florida, sitting by designation.

California Civil Code §§ 51.7 & 52.1. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

I

The officers' appeal turns mainly on a position they did not take in district court until moving for JMOL under Fed. R. Civ. P. 50(b) – that the district court applied an erroneous "subjective intent" test.[1] However, as the district court ruled in denying their Rule 50(b) motion, the officers agreed to the standard about which they now complain, and tried the case on the basis of that standard. They failed to object to admissibility of evidence or to jury instructions on this ground; their own proposed Instruction No. 16 incorporated the standard, and they proposed no counter instructions articulating a different standard; they neither objected to the verdict form nor requested a different one; and they did not espouse their present theory in moving for summary adjudication or for judgment under Rule 50(a). In these circumstances, we agree with the district court that the officers are precluded

---

[1] This is true of their arguments that the investigation of Smith was objectively reasonable as a matter of law; that entry was constitutional because the officers correctly ascertained Smith's status; that Smith's counsel made a judicial admission in closing that he had no problem with the officers going to the house; that "arbitrary" was misdefined to reach beyond the officers' knowledge of Smith's status; that the district court conflated whether the search lacked probable cause or reasonable suspicion with subjective standards; and that they can't be liable to Gray because their entry was permissible. At the end of the day, all pivot on the same point.

from making the "subjective intent" arguments they first raised after trial and press on appeal. *See, e.g.,* Fed. R. Civ. P. 51; *United States v. Parsons Corp.*, 1 F.3d 944, 945 (9th Cir. 1993) (applying Rule 51 to verdict forms); *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1044 & n.4 (9th Cir. 2004) (noting that a party is judicially estopped from taking one position, then taking an incompatible position).

II

The district court did not err in allowing damages from Smith's false arrest to run beyond arraignment on felony charges. We do not need to decide whether the court correctly ruled on the question of independent prosecutorial judgment, or whether Smith needed to (or did) plead or prove malicious prosecution, or whether there is a difference that matters between state and federal law, because Smith was incarcerated on account of a parole violation as well as on account of the gun charges. The parole hold extended well beyond resolution of the gun charges, yet involved no independent process. *Cf. Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (indicating that false arrest damages are ordinarily limited to the time between detention and arraignment because at that point "the victim becomes held *pursuant to such process*"). Accordingly, there is no basis for limiting damages to four days.

III

We cannot say the district court abused its discretion in determining the amount of damages to remit. The remaining award, while substantial, is not "grossly excessive or monstrous." *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1191 (9th Cir. 2002) (internal quotation marks omitted). Nor will we consider the officers' suggestion that the jury was incompletely instructed on false imprisonment as no objection was made on this basis; and they raised no sufficiency issue in their Rule 50(a) motion so consideration of it, too, is waived.

Likewise, the district court did not abuse its discretion in letting the punitive damages award stand. To the extent the officers contend that no award was proper because the search was constitutional under a different standard from that relied upon at trial, the issue is waived for reasons we have explained; and to the extent they argue as to Smith that any award should be limited to the period pre-arraignment, the point is not persuasive given that post-arraignment damages could be awarded. They failed to pursue at trial, and thus to preserve, any deficiency arising out of net worth.

AFFIRMED.